**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

SHIRLEY BROACH-PFISTER,

       Plaintiff,

       v.                                 Case No.: 3:06-cv-398/RV/MD

FIDELITY NATIONAL PROPERTY
AND CASUALTY INSURANCE CO.,

       Defendant.
_____/

**ORDER**

This breach of contract action arises under the National Flood Insurance Act [42 U.S.C. § 4001, *et seq*.] ("the Act"). The defendant, Fidelity National Property and Casualty Insurance Company, moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (doc. 17). The plaintiff, Shirley Broach-Pfister, moves for partial summary judgment as to insurance coverage (doc. 20).

**I.    Background**

The following facts are taken from the defendant's statement of undisputed facts. These facts have not been refuted by the plaintiff in a separate statement with reference to depositions, affidavits, interrogatories, admissions or other sources. Therefore, they are undisputed and "deemed to be admitted." See N.D. Fla. Loc. R. 56.1(A).[1]

The plaintiff owns a residence located at 6330 Siguenza Drive in Pensacola,

---

[1] Although the plaintiff has not disputed the facts in a separate statement filed under Local Rule 56.1, she has moved to strike the affidavit upon which certain of the above facts are based (docs. 25, 30). These motions are denied by separate order.

*Case No.: 3:06-cv-398/RV/MD*

Florida. The defendant issued a Standard Flood Insurance Policy ("SFIP") to the plaintiff for that property, which was in effect from June 19, 2004, through June 19, 2005. The insured house was a post-FIRM (Flood Insurance Rating Map) structure that was constructed with the lower floor at an elevation of 6.15 feet, and the base flood elevation was 8 feet.

On or about September 15, 2004, Hurricane Ivan struck the Pensacola area and caused tidal surge and flood waters in and around the subject property. The defendant contacted Colonial Claims Corporation ("Colonial"), an adjusting company hired to assist the plaintiff in presenting her flood claim. Colonial, in turn, assigned Dennis Messerly (an independent adjuster) to assist the plaintiff. Based upon Messerly's recommendations, the defendant paid the plaintiff $5,006.68 for the damages caused by flooding. In this case, the plaintiff seeks additional sums for damages on the lower floor of the house.

In addition to the SFIP noted above, Citizens Property Insurance Corporation ("Citizens") issued to the plaintiff a policy of wind insurance in the amount of $348,000 for the house and $174,000 for the contents, and that policy was also in effect when Hurricane Ivan struck. Citizens issued three payments to the plaintiff under that policy, including $163,988 for damages to the house. Of that amount, at least $48,797.23 was for damage to the lower level and it included all damages from the floor to ceiling.

**II.     Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). On summary judgment, the record evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. National Fire Ins. Co. of Hartford v. Fortune Const. Co., 320 F.3d 1260, 1267 (11th Cir. 2003).

## III.    Discussion

The defendant moves for summary judgment on three grounds. It first argues that the SFIP, by regulation, provides only very limited coverage for items that are located on the lower floor of a post-FIRM elevated house, the lower floor of which is located below base flood elevation. According to the defendant, the plaintiff has been paid for all damages that qualify for coverage under the Act. Second, the defendant contends that, in any event, the additional damages sought are not covered under the SFIP because they were caused by wind, not flood. And third, it contends that the plaintiff was already paid under her wind policy by Citizens, and, therefore, she is seeking duplicative recovery in this action.

Upon careful review of the pleadings and all other pertinent materials on file, and taking the facts in the light most favorable to the plaintiff, I find that there is no genuine issue as to any material fact and that summary judgment must be granted in favor of the defendant. As the defendant first and correctly argues, the SFIP provided for only limited coverage because the lowest level of the house is below base flood elevation. The only coverage of such an "elevated building" is set out in 44 C.F.R. Pt. 61, App. A(1), Article III(A)(8), and is limited to, *inter alia*, damage to central air conditioners, cisterns, drywall and ceilings, electrical devices, fuel tanks, furnaces, hot water heaters, and insulation. The record reflects that the plaintiff was paid for all the damages to which she was entitled under the SFIP and applicable regulations. On that basis alone, summary judgment is appropriate. I also

find the defendant's two remaining arguments to be meritorious as well, but in light of the other basis for summary judgment, and being that this is not a close case on those arguments, I do not believe it is necessary that I set out a complete analysis. The plaintiff's motion for partial summary judgment must be, and is, denied.

## IV.     Conclusion

The defendant's motion for summary judgment (doc. 17) is GRANTED. The plaintiff's motion for partial summary judgment (doc. 20) is DENIED. The Clerk is directed to enter judgment in favor of the defendant, together with taxable costs.


DONE and ORDERED this 11th day of March, 2008.


/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**